UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20336
Summary Calendar
_____

OTIS DANIEL EMERSON,

                                              Plaintiff-Appellant,

                          versus

EWER, OFFICER,

                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-5310
_____

July 21, 1998

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

        Otis Daniel Emerson (TDCJ # 588524) appeals the district court's dismissal, as frivolous, of his civil rights complaint against TDCJ Officer Lawrence Ewer.  In both his complaint and his testimony at the Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) hearing, Emerson alleged that Ewer doused him with an unknown substance and that such dousing caused a severe skin ailment.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In determining that Ewer's actions were not the cause of Emerson's skin condition, the district court impermissibly used Emerson's medical records and testimony of Dr. Lipscomb to counter his testimony at the <u>Spears</u> hearing; that is, she accepted as fact Dr. Lipscomb's medical opinion that even if Ewer was doused with a mixture of urine and the cleaning solution Bippy, as he claims, this mixture could not have caused his atopic dermatitis. <u>See</u> <u>Williams v. Luna</u>, 909 F.2d 121, 124 (5th Cir. 1990). Unfortunately, while Dr. Lipscomb's opinion may later go uncontested on summary judgment -- because Ewer will be unable to generate medical proof to contest it -- the district court's acceptance of his opinion was premature. The issue is a fact issue that should not have been resolved in a summary <u>Spears</u> hearing. The court thus abused its discretion by dismissing the complaint as frivolous. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i). The court's dismissal is VACATED and the case REMANDED for further proceedings. Emerson's motion for the appointment of counsel is DENIED. <u>See</u> <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

VACATED and REMANDED.